UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL MAURICE DIXON, JR.,

        Plaintiff,                Case No. 23-cv-12632
                                            Hon. Matthew F. Leitman

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS,

        Defendant.
_____/

## ORDER DISMISSING COMPLAINT

Plaintiff, Samuel Maurice Dixon, is a Michigan inmate presently incarcerated at the Macomb Correctional Facility in New Haven, Michigan. Dixon has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the Michigan Department of Corrections ("MDOC"). The Court has granted him leave to proceed without prepayment of the filing fee. In his complaint, Dixon asserts that during his incarceration at the Ionia Maximum Correctional Facility in Ionia, Michigan, the "MDOC tried to laser [him]." (Compl. at 7, ECF No.1, PageID.7.) He claims he now has constant migraines and seeks monetary damages. Having reviewed the matter and for the reasons stated, the Court dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) on the basis of immunity.

Dixon has been granted leave to proceed *in forma pauperis* due to his indigence. Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). *See also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). The Court is also required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

Dixon's complaint must be dismissed because the MDOC is immune from suit under the Eleventh Amendment. The states and their departments, including state boards of corrections, are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated immunity by statute. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and Michigan has not consented to civil rights suits in federal court. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir.

2013). Therefore, the MDOC is immune from suit and the complaint must be dismissed.

For the reasons stated, the Court DISMISSES the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(2). The Court certifies that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 13, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 13, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126